**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**CHARLOTTE DIVISION**

| | |
|---|---|
| In Re: | Bankruptcy Case No. 22-30248 |
| HECTOR FRANKLIN CUENCA-VALAREZO, | Chapter 7 |
| Debtor. | |
| HECTOR FRANKLIN CUENCA-VALAREZO, | Adversary No. 24-03002 |
| Plaintiff, | |
| vs. | |
| CITIBANK, N.A., and UNITED COLLECTION BUREAU, INC., | |
| Defendants. | |

**DEFENDANT UNITED COLLECTION BUREAU, INC.'S ANSWER AND DEMAND**

**FOR JURY TRIAL**

Defendant UNITED COLLECTION BUREAU, INC. ("Defendant") hereby responds on behalf of itself, and no other, to the Complaint of Plaintiff HECTOR FRANKLIN CUENCA-VALAREZO ("Plaintiff") as follows:

1.      Pursuant to Fed. R. Bankr. P. 7008, which applies Rule 8 of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the complaint except those expressly admitted below.

2.      Defendant admits the allegations of paragraphs: 2, 3 & 6.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

1

## AFFIRMATIVE DEFENSES

1.       Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c).

2.       Plaintiff's Complaint is barred due to his failure to exhaust his administrative remedies.

3.       Defendant is informed, believes, and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint.

4.       Defendant is informed, believes, and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

5.       The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to recovery under the Complaint.

6.       The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

7.       The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

8.       The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.  Plaintiff's Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied.  As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

9.       The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

10.      Defendant alleges that at all times it acted in good faith and with good cause.  The conduct of Defendant was within the reasonable expectations of the parties and was reasonably

2

related to Defendant's legitimate business interests upon the basis of reasonable factors.

11.     The Complaint, fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

12.     Defendant is informed, believes, and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

13.     Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1.     Plaintiff takes nothing by way of his Complaint herein and that this action is dismissed in its entirety;

2.     For Defendant's attorney's fees and costs incurred herein;

3.     For such other relief as the Court may deem just and proper.


Dated:  February 28, 2024                         GORDON REES SCULLY MANSUKHANI


                                                  By:     */s/ Allison J .Becker*
                                                          Allison Becker
                                                          Attorneys for Defendant
                                                          United Collection Bureau, Inc.


3

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing using the CM/ECF system, which

will send notification of such filing to all attorneys of record using the CM/ECF system.


This the 28th day of February, 2024.

Gordon Rees Scully Mansukhani, LLP

By:     */s/ Allison J. Becker*
        Allison J. Becker